Jeffrey M. Vucinich (SBN 67906)
jvucinich@clappmoroney.com
Clapp, Moroney, Bellagamba
& Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
Telephone: 650.989.5400
Facsimile: 650.989.5499

Richard Winelander (*pro hac vice*)
rw@rightverdict.com
1005 North Calvert Street
Baltimore Maryland 21202
Telephone: 410.576.7980
Facsimile: 443.378.7503

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOHN DOE A/K/A BRIAN SAPIENT,<br><br>                    Plaintiff,<br><br>vs.<br><br>URI GELLER<br><br>and<br><br>EXPLOROLOGIST LTD.,<br><br>                    Defendants | ) Case No.: **3:07-cv-02478 VRW**<br>)<br>) MEMORANDUM OF POINTS AND<br>) AUTHORITIES IN SUPPORT OF<br>) MOTION TO DISMISS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The Defendants, Explorologist, Ltd. and Uri Geller, by and through their attorneys, Richard Winelander and Jeffrey M. Vucinich, respectfully submits this Memorandum of Points and Authorities in support of their Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6) and 9(b).

## TABLE OF CONTENTS

*TABLE OF AUTHORITIES* ........................................................................................... iii

*ISSUES TO BE DECIDED*

I       Whether this Court lacks subject matter jurisdiction over extraterritorial acts alleged to be in violation U. S. Copyright Law.

II      Whether this Court lacks personal jurisdiction over Defendants, a British corporation and British resident, neither of whom have ever been jurisdictionally "present" in the State of California.

III     Whether Venue in this Court is improper:

      A. Under the Doctrine "forum non conveniens" where the dispute is between a Plaintiff from Pennsylvania and two European Defendants; and

      B. Under the "first to file rule" where Explorologist filed its lawsuit first in the United States District Court for the Eastern District of Pennsylvania.

IV      Whether the Complaint fails to state a claim for fraudulent misrepresentation where the allegations are based on "information and belief" and the Complaint fails to aver the circumstances that constitute fraud as required by Fed. R. Civ. P. 9(b)

V       Whether the Complaint fails to state a claim for fraudulent misrepresentation in violation of 17 U.S.C. § 512(f) where:

      A. The takedown was based on three-month old affidavit and otherwise failed to comply with the take down requirements of 17 U.S.C. § 512(g);

      B. The Complaint alleges the Defendants acted with a lack of "reasonable care or diligence" not actual "knowledge of a misrepresentation;" and

      C. The statement made by Explorologist was not knowingly false and was made in good faith.

*INTRODUCTION* ........................................................................................................... 1

*STATEMENT OF FACTS* ............................................................................................. 2

*ARGUMENT* ................................................................................................................. 3

   *I. THIS COURT LACKS SUBJECT MATTER JURISDICTION* .......................... 3

II. *THIS COURT LACKS PERSONAL JURISDICTION* ........................................ 5

III. *VENUE IS IMPROPER* ................................................................ 10

    A. The Case should be dismissed on the basis of "forum non conveniens" ................. 10

    B. The Case should be transferred to Philadelphia pursuant to the "first to file rule" .................................................................. 12

IV. *ABSENT FACTUAL ALLEGATIONS OF FRAUD THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE BASED* ...................................... 14

V. *THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE BASED* .............................................................................. 16

    A. The takedown request was defective because it was based on three-month old affidavit and otherwise failed to comply with the requirements of 17 U.S.C. § 512(g) ....................................... 17

    B. There can be no liability under 17 U.S.C. § 512(f) for a DMCA takedown without a knowing misrepresentation ............................. 19

    C. The statement made by Explorologist was not knowingly false and was made in good faith ........................................................ 21

*CONCLUSION* ........................................................................ 23

## TABLE OF AUTHORITIES

*STATUTORY PROVISIONS*

17 U.S.C. § 512 ........................................................ 1, 14, 17, 21

17 U.S.C. § 512(c) ........................................................ 18

17 U.S.C. § 512(f) ................................................ 1-5, 17, 19, 21-24

17 U.S.C. § 512(g) ....................................... 2, 5, 16, 17, 23, 24

28 U.S.C. § 1406(a) ........................................................ 10

*RULES*

Fed. R. Civ. P. 4(k)(1)(A) ................................................ 6

Fed. R. Civ. P. 8(a)(2)....................................................................................... 16

Fed. R. Civ. P. 9(b) ........................................................................ 2, 14, 15, 16, 24

Fed. R. Civ. P. 12(b)(1)...................................................................................... 3

Fed. R. Civ. P. 12(b)(2)................................................................................. 5, 16

Fed. R. Civ. P. 12(b)(3)............................................................................... 10, 15

Fed. R. Civ. P. 12(b)(6)..................................................................................... 16

## CASES

*Alfus v. Pyramid Technology Corp.*, 745 F.Supp. 1511 (N.D.Cal.1990) ........................ 14, 15, 16

*Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622 (9th Cir.1991). ....................................... 13

*ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619 (4th Cir. 2001). ............................ 18

*Arc Ecology v. United States Dept. of the Air Force*, 411 F.3d 1092 (9th Cir .2005).................... 4

*Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102

(1987) ........................................................................................................ 6, 7

*Associated General Contractors of America v. Metropolitan Water Dist. of Southern California,*

159 F.3d 1178 (9th Cir.1998) ........................................................................ 17

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir.1988). ............................................... 16

*Barapind v. Reno,* 225 F.3d 1100 (9th Cir.2000) .................................................................... 13

*Barron v. Reich*, 13 F.3d 1370 (9th Cir.1994) ...................................................................... 16

*Bell Atl. Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955 (2007)................................................ 17, 19

*Boaz v. Boyle & Co.,* 40 Cal.App.4th 700 (1995)......................................................................... 9

*Burger King Corp. v. Rudzewicz*, 471 US 462 (1985)............................................................. 7, 8

*Canada Malting Co. v. Paterson Steamships*, 285 U.S. 413 (1932)........................................... 11

*Cedars-Sinai Medical Center v. Shalala,* 125 F.3d 765 (9th Cir.1997). ..................................... 13

*Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738 (9th Cir.1979) ........... 13

*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir.1994). ......................................... 16, 17

*Comwest, Inc. v. American Operator Services, Inc.,* 765 F.Supp. 1467

(C.D.Cal.1991)……………………………………………………………………………..…15, 16

*Concha v. London*, 62 F.3d 1493 (9th Cir.1995). ........................................................ 14

*Cornelison v. Chaney*, 16 Cal.3d 143 (1976)........................................................... 7, 8

*Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.,* 61 F.3d 696 (9th Cir.1995). ................... 12

*Cybersell, Inc. v. Cybersell, Inc*., 130 F.3d 414 (9th Cir. 1997);.................................... 9

*Data Disc. Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280 (9th Cir.1977) ............... 8

*Dudnikov v.  MGA Entertainment, Inc.,* 410 F.Supp.2d 1010 (D.Colo. 2005)....................... 20, 23

*EEOC v. Arabian American Oil Co. (Aramco)*, 499 U.S. 244 (1991) ........................................ 4

*Eldred v. Ashcroft*, 537 U.S. 186 (1993)......................................................................... 5

*Foman v. Davis*, 371 U.S. 178 (1962). ......................................................................... 21

*Gilligan v. Jamco Dev. Corp*., 108 F.3d 246 (9th Cir.1997). .......................................... 16

*Goehring v. Superior Court*, 62 CalApp.4th 894 (1998). ................................................ 7

*Gulf Oil Corporation v. Gilbert*, 330 U.S. 501  (1947) ............................................ 11, 12

*Hanson v. Denckla*, 357 US 235 (1958) ......................................................................... 9

*Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408 (1984)................................ 8

*In re Worlds of Wonder Securities Litigation,* 694 F.Supp. 1427 (N.D.Cal.1988)................ 15, 16

*Inselberg v. Inselberg*, 56 Cal.App.3d 484 (1976) ......................................................... 9

*International Shoe Co. v. Washington,* 326 US 310 (1945) .............................................. 6

*Kendall v. Overseas Develop. Corp*., 700 F2d 536  (9th Cir. 1983)................................... 7

*Kulko v. Sup. Ct*., 436 US 84 (1978)............................................................................ 9

*Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764 (9th Cir.1991) .................. 11

*Lueck v. Sundstrand Corp.,* 236 F.3d 1137  (9th Cir.2001)......................................... 11, 12

*NL Industries, Inc. v. Kaplan,* 792 F.2d 896 (9th Cir.1986)............................................ 16

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)................................................................. 11

*Omni Capital Int'l v. Rudolf Wolff & Co. Ltd.,* 484 US 97 (1987). .................................... 6

*Online Policy Group v. Diebold, Inc*., 337 F.Supp.2d 1195 (N.D.Cal. 2004).................... 19, 22

*Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir.1968). ............................... 12

*Perkins v. Benguet Mining Co.,* 342 US 437(1952) ......................................................... 7

*Peterson v. Kennedy*, 771 F.2d 1244 (9th Cir.1985) ....................................................... 9

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)................................................................ 11, 12

*Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002)............................ 7

*Robert Stigwood Group, Ltd. v. O'Reilly*, 530 F.2d 1096 (2d Cir.), *cert. denied*, 429 U.S. 848,

   (1976) .................................................................................................................................... 4

*Rossi v Motion Picture Ass'n of America Inc.*, 391 F.3d 1000 (9th Cir. 2004), *Cert. denied*, 544

   U.S. 1018 (2005)................................................................................ 19, 20, 22, 23

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393 (9th Cir.1986). .................... 14

*Stanley Consultants, Inc. v. Superior Court,* 77 Cal.App.3d 444 (1978). ..................................... 8

*Subafilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, (9th Cir.), *cert. denied*, 513

   US 1001 (1994).................................................................................................... 3, 4, 5

*U.S. v. Rothhammer*, 64 F.3d 554 (10th Cir 1995) ....................................................... 20

*United States v. Glover,* 4 Cranch C.C. 190, 25 F.Cas. 1339 (C.C.D.C.1831)........................... 20

*Vons Companies, Inc. v. Seabest Foods, Inc.,* 14 Cal.4th 434 (1996). ................................... 7, 8, 9

*Walter v. Superior Court*, 178 Cal.App.3d 677 (1986) ................................................. 9

*Williams v. United States,* 458 U.S. 279, 284 (1982) ................................................. 20

*World-Wide Volkswagen Corp. v. Woodson*, 444 US 286 (1980). ................................................ 6

## *MISCELLANEOUS*

Report of the U. S. Senate 105-190, 105th Cong., 2nd Sess. 1998, 1998 WL 239623.................. 23

Report of the U. S. House of Representavites, 105-551, 1105th Cong., 2nd Sess. 1998, 1998 WL

   261605.................................................................................................................. 23

California Federal Civil Procedure Before Trial, § 3:102 (Rutter 2006)....................................... 7

California Federal Civil Procedure Before Trial, § 3:116 (Rutter 2006)................................... 7, 8

David R. Toraya, Note, Federal Jurisdiction Over Foreign Copyright Actions-An Unsolicited

   Reply to Professor Nimmer, 70 Cornell L.Rev. 1165 (1985)....................................... 5

# INTRODUCTION

The Plaintiff, John Doe a/k/a Brian Sapient a/k/a Brian J. Cutler (Sapient[1]) a Pennsylvania resident, filed a complaint in this Court against Explorologist Limited (Explorologist), a British company and Uri Geller a/k/a Uri Geller Freud (Geller), a British resident alleging fraudulent misrepresentation and requesting declaratory relief (Explorologist and Geller are hereafter collectively referred to as "Defendants").  The cornerstone of Sapient's Complaint is a March 23, 2007 e-mail from Explorologist corporate employee Shimshon Shtrang (Shipi) to YouTube asserting that a portion of a NOVA special Sapient posted on YouTube contained his intellectual property.  Sapient alleges that the e-mail Explorologist sent, after having faxed a three-month old affidavit,[2] was an illegal takedown under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512(f). Specifically, the Complaint alleges that Explorologist and, somehow, Geller (though Geller's allegedly actionable conduct is never explained or substantiated), knowingly made a material misrepresentation "under DMCA § 512 that the NOVA Video infringed their copyright." (Complaint ¶ 22). Mysteriously the Complaint does not attach the March 23, 2007 e-mail or allege the precise misrepresentation Sapient claims was made by the Defendants.

The Defendants maintain that this Court lacks subject matter jurisdiction over extraterritorial acts alleged to be in violation of US copyright Law. They also maintain this Court lacks personal jurisdiction over Defendants, a British corporation and British resident, neither of whom have ever been jurisdictionally "present" in the State of California.  Sapient's choice of venue in this court is improper because, even if this Court had jurisdiction over Defendants (which it does not), Sapient's vexatious choice of forum is solely motivated by a

---

[1] For consistency Defendants will use Mr. Cutler's alias.
[2] See exhibit A attached to the complaint, dated December 28, 2006.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS          - 1 -
Case Number 3:07-cv-02478 VRW

desire to disadvantage and harass Defendants. Even assuming that this Court could exercise jurisdiction over Defendants, this case should be transferred and consolidated with the suit Explorologist filed in Philadelphia under the "first to file" rule.  Finally, and irrespective of where this case is heard, the Complaint is fatally defective because it fails to aver with particularity the circumstances that constitute fraud as required by Fed. R. Civ. P. 9(b); and fails to state a claim upon which relief can be based. Since a three-month old affidavit that failed to comply with the requirements of 17 U.S.C. § 512(g) cannot form the basis of a legitimate DMCA take down; there was no allegation of actual knowledge of a misrepresentation; and there can be no liability under 17 U.S.C. § 512(f) because Explorologist's good faith statement was true.

## STATEMENT OF FACTS

With respect to jurisdiction, the Complaint alleges only that Sapient is "informed, believes and thereon alleges that Defendants have sufficient contacts with this district generally and in particular, with the events herein alleged, that they are subject to the exercise of jurisdiction by this Court." (Complaint ¶ 8.)  The fact of the matter is that Explorologist is a limited liability company organized and existing under the laws of England and Wales with offices in London, United Kingdom.  See Exhibit 1, Declaration of Shimshon Shtrang in Support of this Motion ("SHTRANG Dec"), ¶ 2. Additionally, Explorologist has never maintained an office, *id.*, ¶ 5 had telephone listings, or a mailing address in California. *Id.*, ¶ 6. It owns no bank accounts, personal or real property in California. *Id.*, ¶ 4 and 7.  Finally, Explorologist has never placed any advertising specifically directed toward California residents, nor has it advertised in any publications directed primarily toward California residents. *Id.* ¶ 8.

Geller is a resident of England. See Exhibit 3, Declaration of Uri Geller in Support of this Motion ("GELLER Dec"), ¶ 2. His home is located in Sonning-on-Thames, England. He has never been a resident of the State of California. *Id.* ¶ 3. Additionally, Geller has never owned a bank account, personal or real property in California. *Id.*, ¶ 4&5. He does not now, nor has he ever maintained an office, *Id.*, ¶ 6, telephone listings, or a mailing address in California. *Id.*, ¶ 7. Geller has never placed any advertising specifically directed toward California residents, nor has he advertised in any publications directed primarily toward California residents. *Id.* ¶ 8. Significantly, when Shipi communicated with YouTube on behalf of Explorologist, he did so without Geller's knowledge, request, or authorization. *Id.* ¶ 9, SHTRANG Dec at ¶ 17.

With respect to venue, the Defendants submit that Sapient is a Pennsylvania resident, *Id.* SHTRANG Dec at ¶ 3 and that the first lawsuit filed in this dispute was filed on May 7, 2007 in the United States District Court for the Eastern District of Pennsylvania. That case (2:07-cv-01848-LP) was assigned to the Honorable Louis H. Pollak. On May 11, 2007, Sapient was served with process in that case. (See Exhibit 4, Docket entries for case #2:07-cv-01848-LP). The Philadelphia litigation involves the same portion of Sapient's YouTube posting as the instant case. (See Exhibit 5).

### ARGUMENT
### I.
### THIS COURT LACKS SUBJECT MATTER JURISDICTION
Fed. R. Civ. P. 12(b)(1)

Sapient claims the Court has subject matter jurisdiction based on a violation of the Digital Millennium Copyright Act (DMCA). (Complaint ¶ 7). Specifically, he alleges that "Defendants violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting under DMCA § 512 that the NOVA Video infringed their copyright." (Complaint ¶ 22). In doing so,

he ignores a longstanding presumption against the extraterritorial application of the United States Copyright Act for actions occurring wholly outside United States, *Subfilms, Ltd. v. MGM-Pathe Communications Co.*, 24 F.3d 1088, (9th Cir.), *cert. denied*, 513 US 1001 (1994). "In general, United States copyright laws do not have extraterritorial effect," and therefore, "infringing actions that take place entirely outside the United States are not actionable." *Robert Stigwood Group, Ltd. v. O'Reilly*, 530 F.2d 1096, 1101 (2nd Cir.), *cert. denied*, 429 U.S. 848 (1976). As the *Subfilms,* court pointed out:

> The Supreme Court recently reminded us that "[i]t is a long-standing principle of American law 'that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States.' " *EEOC v. Arabian American Oil Co. ( Aramco )*, 499 U.S. 244, 248, 111 S.Ct. 1227, 1230, 113 L.Ed.2d 274 (1991) (quoting *Foley Bros., Inc. v. Filardo*, 336 U.S. 281, 285, 69 S.Ct. 575, 577, 93 L.Ed. 680 (1949)). Because courts must "assume that Congress legislates against the backdrop of the presumption against extraterritoriality," unless "there is 'the affirmative intention of the Congress clearly expressed' " congressional enactments must be presumed to be " 'primarily concerned with domestic conditions.' " Id. 499 U.S. at 248, 111 S.Ct. at 1230 (quoting Foley Bros., 336 U.S. at 285, 69 S.Ct. at 577 and *Benz v. Compania Naviera Hidalgo, S.A.*, 353 U.S. 138, 147, 77 S.Ct. 699, 704, 1 L.Ed.2d 709 (1957)).

*Subfilms,* 24 F.3d at 1095. (Quotes in the original). *See also*, *Arc Ecology v. United States Dept. of the Air Force*, 411 F.3d 1092, 1097 (9th Cir .2005). In *EEOC v. Arabian American Oil Co. (Aramco)*, 499 U.S. 244 (1991), the Supreme Court held that a "clear statement" in the statute itself, indicating congressional intent to provide relief, was necessary to avoid the presumption against extraterritoriality. *Id.* 499 U.S. at 258 (determining that Title VII of the 1964 Civil Rights Act did not apply extraterritorially to regulate employment practices of U.S. firms that employ Americans abroad).

Clearly, there is no "clear statement" or any other manifestation of an affirmative congressional intention to make 17 U.S.C. § 512(f) apply extraterritorially. To the contrary,

Congress tacitly recognized that the statute had no extraterritoriality application it the DMCA counter notification procedures. Those procedures specifically require individuals residing outside of the United States, seeking to file a counter notification in response to a DMCA takedown, to "consent to the jurisdiction of [a] Federal District Court" § 512(g)(3)(D). Had Congress wanted § 512(f) to apply extraterritorially it certainly knew how to require individuals seeking to institute a takedown to consent to the jurisdiction of a Federal District Court.

Additional support for the non-extraterritorial application under DMCA can be found in the notion that "American courts should be reluctant to enter the bramble bush of ascertaining and applying foreign law without an urgent reason to do so" *Subafilms,* 24 F.3d at 1095, FN10 (citing David R. Toraya, Note, Federal Jurisdiction Over Foreign Copyright Actions-An Unsolicited Reply to Professor Nimmer, 70 Cornell L.Rev. 1165 (1985)). This is especially true where, like in this case, there is a great disparity between United States copyright laws and the copyright laws of England and Wales. In the United States, there is an interplay between the fair use defense and first amendment free speech protections. *Eldred v. Ashcroft*, 537 U.S. 186 (1993). There is no corresponding First Amendment protection under the copyright laws of England and Wales. Thus, how could a foreign national, in good conscience, be chargeable with knowledge of the intricacies of the United States copyright laws. To hold one to this standard would be contrary to notions of fair play, substantial justice and common sense.

## II.
## THIS COURT LACKS PERSONAL JURISDICTION
Fed. R. Civ. P. 12(b)(2)

This Court lacks personal jurisdiction over Explorologist, a foreign corporation which does not do business in or own property in the State of California. This Court also lacks personal jurisdiction over Geller, an English resident who is not employed in the State of

California, who owns no property in California and who did not even *know* about, let alone authorize, any act alleged to have occurred in California (which are nowhere specified in the Complaint). All of the significant events that gave rise to Sapient's alleged claims took place in England, where Explorologist does business and Geller lives and works. The Plaintiff is a resident of Pennsylvania. Other than the fact that two of his five lawyers[3] have an office in California, there is no connection whatsoever between the complaints he makes in this law suit and the State of California. This Court therefore lacks personal jurisdiction over both Defendants with respect to Sapient's claims and the case should be dismissed.

It is fundamental that some "minimum contacts" are required for a court to exercise jurisdiction over a defendant. In fact due process requires that a defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 US 310, 316 (1945); *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987)(recognizing the burden litigation in the United States would pose to foreign defendants). The purpose of the minimum contacts requirement is to (1) protect the defendant against the burdens of litigating at a distant or inconvenient forum, and (2) insure that states do not reach out beyond the limits of their sovereignty imposed by their status in a federal system. *World-Wide Volkswagen Corp. v. Woodson*, 444 US 286, 291(1980).

Generally, federal courts have the same powers of personal jurisdiction as the courts of the state in which they are located. FRCP Rule 4(k)(1)(A). If the forum state's long-arm statute does not enable plaintiff to obtain personal jurisdiction over a defendant in a state court action, plaintiff generally will be unable to obtain personal jurisdiction in a federal court action. *Omni*

---

[3] Jason Schultz, Esq. and Corynne McSherry, Esq.

*Capital Int'l v. Rudolf Wolff & Co. Ltd.,* 484 US 97, 104-105(1987). When interpreting the scope and effect of the forum state's long-arm statute, the federal court must follow the statutory construction provided by that state's highest court. *See Kendall v. Overseas Develop. Corp.,* 700 F2d 536, 538 (9th Cir. 1983). California's long arm statute allows California courts to exercise jurisdiction over a nonresident defendant subject to the constraints of the United States and California Constitution. *Asahi,* 480 U.S. at 107. Under California law, a defendant's activities in or with the forum state must be "such that it should reasonably anticipate being hailed into court there." *Goehring v. Superior Court*, 62 CalApp.4th 894, 904(1998).

A defendant can be subject to "general" or "unlimited" jurisdiction, or to "specific" or "limited" jurisdiction. If the defendant has engaged in "substantial, continuous and systematic" activities within the forum state, then he or she may be subject to personal jurisdiction in forum courts on causes of action arising anywhere, even outside the state: i.e., "general," or "unlimited," personal jurisdiction. *Perkins v. Benguet Mining Co.,* 342 US 437, 445-46(1952); *see also* California Federal Civil Procedure Before Trial (Rutter 2006), section 3:102, *et seq.* If, on the other hand, the defendant's contacts with the forum state are not sufficiently continuous and systematic to establish general jurisdiction, then the defendant may still be subject to "limited," or "specific," jurisdiction on claims related to his activities or contacts in that state. *Burger King Corp. v. Rudzewicz*, 471 US 462, 476-67(1985); *Cornelison v. Chaney*, 16 Cal.3d 143, 148(1976); *see also* California Federal Civil Procedure Before Trial, § 3:116 et seq. (Rutter 2006). Under either theory, the Plaintiff bears the burden of proof on the jurisdictional facts. *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019 (9th Cir. 2002).

A nonresident defendant is subject to general jurisdiction in the forum state if his activities in that state are "substantial, continuous and systematic." *Perkins v. Benguet Mining*

*Co., supra; Vons Companies, Inc. v. Seabest Foods, Inc.*, 14 Cal.4th 434, 446 (1996). However, the Complaint fails to allege any "continuous and systemic" activities by Defendants in California. To the contrary, it fails to even allege specific facts essential to support Sapient's claims (see part IV below), let alone an ongoing pattern of conduct that would subject Defendants to "general" jurisdiction in California courts.

The Defendants do not have contacts with California that could possibly be considered sufficient to meet this test. They never maintained an office in California, had any telephone listings, mailing addresses, bank accounts, personal or real property in California. *Id.*, *Stanley Consultants, Inc. v. Superior Court,* 77 Cal.App.3d 444, 448-449(1978). Under these facts, Defendants are clearly not subject to general jurisdiction in California. *Burger King, supra; Cornelison, supra; Stanley, supra, Vons, supra.*

When a nonresident defendant's contacts with the forum state are not sufficient for general jurisdiction, he or she may still be subject to "specific" jurisdiction on claims related to his or her activities or contacts in the state. In such instances it must be shown that:

1) The out-of-state defendant purposefully directed his activities towards residents of the forum state or otherwise established contacts with the forum state;
2) Plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and
3) The forum's exercise of personal jurisdiction in the particular case comports with fair play and substantial justice.

*Burger King Corp.*, 471 US at 477-78; *Helicopteros Nacionales de Columbia v. Hall*, 466 U.S. 408, 414-415(1984); see *Data Disc. Inc. v. Systems Technology Associates, Inc.,* 557 F.2d 1280, 1287 (9th Cir.1977); *see also* California Federal Civil Procedure Before Trial, § 3:116 (Rutter 2006). The basic requirement is that "the cause of action must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by

which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Vons,* 14 Cal.4[th] at 448.

None of these factors supports specific jurisdiction here. The "purposeful" factor requires that the nonresident defendant must have purposefully directed his activities at forum residents, or purposefully availed himself of the privilege of conducting activities within the forum state. *Hanson v. Denckla*, 357 US 235, 253-4 (1958); *Kulko v. Sup. Ct*., 436 US 84, 94(1978); *Cybersell, Inc. v. Cybersell, Inc*., 130 F.3d 414 (9th Cir. 1997); *Vons, supra*, at 458. Here, the Defendants did not direct any activity at a California resident. Explorologist sent a fax and an e-mail from London to YouTube complaining about a Pennsylvania resident. *See also, Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir.1985) (series of phone calls and letters to California insufficient to satisfy first prong of test). This factor weighs heavily against Plaintiff as to both Defendants. Standing alone it should be fatal as to Plaintiff's claim of jurisdiction over Geller since he did not know about or authorize the fax or e-mail.

The second factor requires that the plaintiff's claim arise out of or be related to defendant's forum activities. Here, there was simply no activity by either of the Defendants in California. Indeed, the communication by Explorologist was made in London and therefore should be regarded as an act done by it in London, not in California. *See, Inselberg v. Inselberg*, 56 Cal.App.3d 484, 490(1976) (telephone calls from Michigan to California must be viewed as acts done in Michigan, not California); *Walter v. Superior Court*, 178 Cal.App.3d 677, 682 (1986) ("innumerable" telephone calls to California insufficient to establish jurisdiction over non-resident). *See* also *Boaz v. Boyle & Co.,* 40 Cal.App.4th 700, 717(1995) (targeted mailers to physicians and advertisements in national medically related journals insufficient contacts). Under these circumstances, it would be unjust to require the Defendants to defend this action in

California simply because a fax may have been sent to California, when there are no other contacts with California.

Finally, with respect to the third factor--that the exercise of jurisdiction must comport with "fair play and substantial justice," it would not be fair for the Defendants to be forced to defend this action in California given that every significant act which purportedly gave rise to the claims against them occurred in England, not California. The Defendants had no substantial contacts with California. California has essentially no interest in adjudicating the dispute between a Pennsylvanian plaintiff involving a fax and an e-mail sent from London. Based on the totality of the circumstance, this Court lacks personal jurisdiction over both Defendants. This is especially true with respect to Geller who neither knew about, nor authorized any of the complained of acts in California.

### III.
### VENUE IS IMPROPER
Fed. R. Civ. P. 12(b)(3)

The Court should dismiss claims against the Defendants on grounds of forum non conveniens. If it is not dismissed on the grounds of forum non conveniens, this case should be transferred and consolidated with the suit Explorologist filed in Philadelphia under the first to file rule and/or pursuant to 28 USC § 1406(a). The resolution of issues involving lawsuits filed in the wrong venue is governed by both statute and common law.

### III. (A)
### The Case should be dismissed on the basis of Forum Non Conveniens

The pertinent statute provides that: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 USC § 1406(a). The common law doctrine of forum non conveniens allows a court to decline

otherwise proper jurisdiction when the chosen forum is disproportionately inconvenient to the defendant or inappropriately burdensome on the court. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981).

Sapient's Complaint in this Court was filed after a related lawsuit was commenced by Explorologist on virtually the same facts. Well-established law allows dismissal even where no prior lawsuit has been filed but the forum chosen by plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else, *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955). "Courts of equity and of law also occasionally decline, in the interest of justice, to exercise jurisdiction, where the suit is between aliens or nonresidents, or where for kindred reasons the litigation can more appropriately be conducted in a foreign tribunal. *Canada Malting Co. v. Paterson Steamships*, 285 U.S. 413, 423 (1932). As the Supreme Court explained:

> The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. These statutes are drawn with a necessary generality and usually give a plaintiff a choice of courts, so that he may be sure of some place in which to pursue his remedy. But *the open door may admit those who seek not simply justice but perhaps justice blended with some harassment. A plaintiff sometimes is under temptation to resort to a strategy of forcing the trial at a most inconvenient place for an adversary, even at some inconvenience to himself.*

*Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 507 (1947) (emphasis added). In the case, the Complaint merits dismissal because it is both completely inappropriate and because of the first to file rule (see below).

Dismissal, for forum non conveniens, is appropriate where there is (1) an adequate alternate forum and (2) the balance of private and public interests clearly indicates that trial in the alternate forum would be more convenient for the parties. *See Gulf Oil,* 330 U.S. at 506-

508; *Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 767 (9th Cir.1991); *Lueck v. Sundstrand Corp.,* 236 F.3d 1137, 1142-43 (9th Cir.2001). While there is usually a "strong presumption in favor of honoring the plaintiff's choice of forum, a foreign plaintiff's choice is afforded less deference." *Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.,* 61 F.3d 696, 703 (9th Cir.1995). *See also Piper Aircraft,* 454 U.S. at 255-56.

In the present case, Sapient's choice of California as forum "is entitled to only minimal consideration" because California "has no particular interest in the parties or subject matter" *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968). This is especially true where, as here, the people of California have no dog in this fight. As the Supreme Court pointed out, in a case where the plaintiff filed suit in a state in which he was not a resident:

> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.

*Gulf Oil,* 330 U.S. at 508-509. In both pending cases, the parties include Explorologist, and Brian Sapient. Explorologist and Uri Geller are based in London, England. Brian Sapient is a citizen and resident of Philadelphia, PA. The dispute does not involve either citizens of California or issues unique to Californians. This Court is about as distant from the parties as possible, while still remaining in the continental United States. As a result, this case should be dismissed on the grounds of forum non conveniens.

### III (B)
### The Case should be transferred to Philadelphia pursuant to the first to file rule

Explorologist also contends, should Sapient's complaint survive jurisdictional attacks, that this case should be dismissed or transferred and consolidated with the Philadelphia litigation under the "first to file" rule. Under this rule, when cases involving the same parties

and issues have been filed in two different districts, the second district courts has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy. *See Cedars-Sinai Medical Center v. Shalala,* 125 F.3d 765, 769 (9th Cir.1997). The Court of Appeals for this Circuit pointed out that this rule, was developed to serve "the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979); *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 625 (9th Cir.1991). The primary purpose of the "first to file" rule "is to avoid duplicative litigation, and to promote judicial efficiency." *Barapind v. Reno,* 225 F.3d 1100, 1109 (9th Cir.2000) (internal quotations and citations omitted). The *Alltrade* court set forth three prerequisites for application of the first to file rule: (1) chronology of the two actions; (2) similarity of the parties; and (3) similarity of the issues. *Alltrade,* 946 F.2d at 625.

The Pennsylvania suit was filed one day before the California suit. (Exhibit 4). Based on pure chronology, the Pennsylvania suit satisfies the "first to file" rule. Explorologist and Sapient are the principal parties to both cases. Finally, the content of the video and its ownership rights are at the core of both suits. The Pennsylvania suit alleges British Copyright Infringement, Commercial Disparagement and Appropriation of Name and Likeness. (Exhibit 5). The California Suit claims Misrepresentation with respect to copyright ownership and seeks Declaratory Relief of Non-Infringement under United States copyright law. Each of these suits revolves around Sapient's posting of a short film clip featuring Dr. C. J. Hughes on YouTube. (Complaint ¶ 14. Exhibit 5 p. 2, ¶6). The issues in both suits are not only similar, but near identical, meeting the requirement of the "first to file" rule. Clearly under these circumstances, this case should be either dismissed or, in the alternative, transferred and consolidated with the

Philadelphia lawsuit--especially in light of the fact that Philadelphia is where the Plaintiff lives and more than 2,700 miles closer to the Defendants' homes.

**IV**

**ABSENT FACTUAL ALLEGATIONS OF FRAUD THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE BASED.**
Fed. R. Civ. P. 9(b)

This case should be dismissed for failure to comply with, Fed. R. Civ. P. 9(b) for two reasons: first, the allegations in the Complaint are based only on "information and belief" and second, the Complaint fails to aver the circumstances that constitute fraud as required by this rule. Upon a plain reading of the Complaint it is clear that the plaintiff's allegations sound in fraud, but plaintiff has failed to allege its claims with particularity as required by Rule 9(b).

Rule 9(b) requires that fraud be pled with particularity. It provides: "In all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." However, "conclusory allegations that defendant's conduct was fraudulent or deceptive are not enough." *Alfus v. Pyramid Technology Corp.*, 745 F.Supp. 1511, 1519 (N.D.Cal.1990) (citations omitted).

A fraud claim must specifically state the alleged fraud itself: "Plaintiffs may fairly be expected to *identify with specificity the defendant's alleged misrepresentations*, though they are not expected to plead with specificity the defendant's state of mind." *Concha v. London*, 62 F.3d 1493, 1503 (9th Cir.1995) (emphasis added). The reason for the Rule 9(b) requirement is "so that the defendant can prepare an adequate answer from the allegations." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir.1986).

In the case *sub judice*, the Complaint alleges the following fraudulent misrepresentation:

> *On information and belief*, on March 23, 2007, an agent of Explorologist Ltd. and Geller demanded that YouTube take down the NOVA Video pursuant to the DMCA, 17 U.S.C. § 512.  By authorizing the demand, Geller and Explorologist Ltd. attested *under penalty of perjury* that they owned or were authorized to act on behalf of the owner of an exclusive copyright that had been infringed by the video, and that the notice of infringement they sent was accurate.  See Exhibit A & B.

(Complaint ¶ 15)(emphasis added). The first fatal defect is that the complaint is based on "information and belief." It is well settled in this Circuit that fraud "[a]llegations based on 'information and belief' do not satisfy the particularity requirement of Rule 9(b) unless the complaint sets forth the facts on which the belief is founded." *Comwest, Inc. v. American Operator Services, Inc.,* 765 F.Supp. 1467, 1471 (C.D.Cal.1991) (citing *In re Worlds of Wonder Securities Litigation,* 694 F.Supp. 1427, 1432-33 (N.D.Cal.1988). Absent allegations based on actual knowledge and facts, rather than "information and belief," the Complaint should be dismissed.

The deficiency in the Complaint gets worse upon an examination of the attached Exhibits. These Exhibits consist of an unrelated affidavit dated December 28, 2006  (see Exhibit 6 corresponding to Complaint Exhibit A), an e-mail from YouTube to Explorologist's main e-mail account (uri@urigeller.com) informing it of the take down (see Exhibit 7 corresponding to Complaint Exhibit B) and an e-mail, to Sapient from YouTube, informing him of the take down that resulted from a request by Explorologist[4] (see Exhibit 8 corresponding to Complaint Exhibit C). What is conspicuously absent is the March 23, 2007 correspondence from Explorologist to YouTube that the Plaintiff characterizes as not only fraudulent, but a perjured misrepresentation. Moreover there is no link between the December 28, 2006 affidavit and the March 23, 2007 communication to YouTube.

---

[4] Notably not Uri Geller.

The Plaintiff was required to plead what was said and by whom, not the "legal conclusions" and sleight of hand that was provided. As a result the complaint is lacking the factual specificity required by Rule 9(b) and should be dismissed. *Alfus*, *supra*. Moreover, since the Complaint is based on nothing more than "information and belief" and should be dismissed on that basis as well, *Comwest, supra; In re Worlds of Wonder Securities Litigation, supra.*

**V.**

**THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE BASED.**

Fed. R. Civ. P. 12(b)(6)

Assuming *arguendo* that Rule 9(b) does not apply, the Complaint fails to meet even the less stringent requirements of Rule 8(a)(2). This is so because 1) the alleged DMCA takedown was based on a three-month old affidavit and otherwise failed to comply with the take down requirements of 17 U.S.C. § 512(g); 2) there can be no liability for a DMCA takedown that is not based on a knowing misrepresentation, especially where an individual neither authorizes nor knows about the takedown and 3) the statement made by Explorologist was both true and made in good faith.

The legal sufficiency of Rule 8 allegations are tested by Rule 12(b)(6). Under this rule, dismissal can be based on the "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988). The issue is not whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir.1994); *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986).

A reviewing court is not required to accept conclusory legal allegations "cast in the form of factual allegations, if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir.1994). In other words, a court should not accept as true legal conclusions or unwarranted factual inferences. *Bell Atl. Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955 (2007); *see also*, *Associated General Contractors of America v. Metropolitan Water Dist. of Southern California,* 159 F.3d 1178, 1180 (9th Cir.1998) ("conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Id.* at 1180). As the Supreme Court recently pointed out, there must be a factual "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp.*, 127 S.Ct. at 1965. As the Court explained "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. Without factual details as to what misrepresentation was made, the Complaint fails to comply with Rule 8(a)(2) and must be dismissed.

### V. (A)
### The DMCA takedown request was defective because it was based on a three-month old affidavit and otherwise failed to comply with the take down requirements of 17 U.S.C. § 512(g)

Sapient's complaint is based on the notion that on March 23, 2007 the Defendants "violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting under DMCA § 512 that the NOVA Video infringed their copyright," (Complaint ¶ 22) subjecting him to an illegal takedown thus entitling him to damages. On its face this is nothing more than a conclusory allegation. As mentioned in Section IV, *supra*, the Exhibits attached to the complaint consist of a December 28, 2006 affidavit (Exhibit 6), an e-mail from YouTube to Explorologist's main e-mail account (uri@urigeller.com) informing it of the take down (Exhibit 7) and an e-mail, to

Sapient from YouTube, informing him of the take down that resulted from a request by Explorologist (Exhibit 8). When applied to the statute and stripped of "conclusory allegations of law and unwarranted inferences," the meager facts pled in the complaint fail to allege a cause of action under the DMCA. It is painfully obvious that the Plaintiff failed to plead the factual substance of the fraudulent misrepresentation allegedly made on March 23, 2007.

The provisions of Title II of the DMCA were enacted "[i]n the spirit of achieving a balance between the responsibilities of the service provider and the copyright owner." *ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619, 625 (4th Cir. 2001). The takedown provisions are set forth in § 512(c)(3) of the DMCA, provide in pertinent part:

> (A) *To be effective under this subsection,* a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:
>> (i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
>> (ii) *Identification of the copyrighted work claimed to have been infringe*d, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.
>> (iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.
>> (iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.
>> (v) A statement that *the complaining party has a good faith belief that use of the material in the manner complained of is not authorized* by the copyright owner, its agent, or the law.

17 U.S.C. § 512(c) (emphasis added).

Explorologist's complaint to YouTube, based on a three-month old affidavit was insufficient to form the basis of a DMCA takedown because it failed to comply with this section. This is so because the December 28, 2006 affidavit does not identify the "copyrighted

work claimed to be infringed" as required by § 512(c)(3)(A)(ii) and precedes the alleged takedown, by almost 3 months. There are absolutely no factual allegations in the complaint tying this affidavit to the March 23, 2007 takedown demand alluded to in paragraph 15 of the Complaint. This defect is compounded by the fact that the plaintiff has failed to attach the actual March 23, 2007 communication the Defendants allegedly made to YouTube. As a result, this Court is left with nothing more than "legal conclusions" and "unwarranted factual inferences" that a legitimate DMCA takedown occurred in accordance with the statute. The Court should not be required to guess what fraudulent misrepresentations the Plaintiff claims were made. Thus, without this factual basis, the complaint should be dismissed, *Bell Atl. Corp., supra.*

## V. (B)
### There can be no liability for a DMCA takedown without a knowing misrepresentation

Under the statutory scheme, liability attaches only to individual conduct constituting a material misrepresentation. Specifically, the liability provisions of Section 512(f) of the DMCA provide:

> (f) Misrepresentations.--Any person who *knowingly materially misrepresents* under this section--
> (1) that *material or activity is infringing*, or
> (2) that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys" fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

17 U.S.C. § 512(f) (emphasis added). This section has been interpreted to impose liability on a party only "if it 'knowingly' and 'materially' misrepresents that copyright infringement has occurred. *Online Policy Group v. Diebold, Inc.*, 337 F.Supp.2d 1195, 1204 (N.D.Cal. 2004). If

a party asserts a takedown request that is subjectively in good faith, then there is no liability. *Rossi v Motion Picture Ass'n of America Inc*., 391 F.3d 1000 (9th Cir. 2004), *Cert. denied*, 544 U.S. 1018 (2005); *Dudnikov v.  MGA Entertainment, Inc.,* 410 F.Supp.2d 1010, 1017 (D.Colo. 2005).  Under this analytical framework several fatal deficiencies become readily apparent.

First, the Complaint claims liability on the wrong standard. The Complaint alleges that "[u]pon information and belief, Defendants did not act *with reasonable care or diligence before* sending their DMCA complaint to YouTube." (Complaint ¶ 20) (emphasis added) and "*were not acting in good faith* while sending their DMCA complaint to YouTube." (Complaint ¶ 21) (emphasis added). The failure to allege the "actual knowledge of a misrepresentation" is fatal. *Rossi*, 391 F.3d at 1004-5.

Second, the December 28, 2006 affidavit was not a statement of current fact and therefore could not be a misrepresentation on March 23, 2007. At its inception, it was nothing more than a promissory oath. It is fundamental that a "promissory oath cannot be the subject of an indictment for perjury," *United States v. Glover,* 4 Cranch C.C. 190, 25 F. Cas. 1339 (C.C.D.C.1831); *see also*, *U.S. v. Rothhammer*, 64 F.3d 554 (10th Cir 1995) (contractual promise to pay contained in promissory note is not a factual assertion and is not false statement); *Williams v. United States,* 458 U.S. 279, 284 (1982) (issuance of checks that were not supported by sufficient funds did not involve the making of a false statement). Therefore, the author of the affidavit cannot be responsible for a third person use of it on a future date.

Third, because there is no link, between the December 28, 2006 affidavit and the March 23, 2007 communication to YouTube, the Complaint is defective. This is so because there is a complete lack of factual support for the "knowingly false' element of the cause of action.

Therefore, it is abundantly clear, that under the facts alleged by the Plaintiff, there is no knowingly false statement and thus no liability.

Finally, as to Geller, there is no allegation of facts in the Complaint that he personally made a complaint to YouTube, let alone a knowing misrepresentation. The only allegation in the Complaint is that "[o]n information and belief, on March 23, 2007, an agent of Explorologist Ltd. and Geller demanded that YouTube takedown the NOVA Video pursuant to the DMCA, 17 U.S.C. § 512…" (Complaint ¶ 15). The only document bearing Geller's name is dated December 28, 2006--three-months before the March 23, 2007 complaint. (*See* Exhibit 6). There is no allegation, nor could there be, that he personally communicated or knew about Explorologist's e-mail. In fact, when Shipi communicated with YouTube, he did so without Geller's knowledge, request or authorization. SHTRANG Dec at *Id.* ¶ 9 and ¶ 17. Even the e-mail, to Sapient from YouTube, informing him of the takedown asserted that the takedown request was made by Explorologist, not Geller. (See Exhibit 7). The statute imposes liability on a "person who knowingly materially misrepresents," 17 U.S.C. § 512(f) not on a person for an alleged agent's unknown unauthorized activity three months later.

### V. (C)
**The statement made by Explorologist was not knowingly false and was made in good faith**.

The usual procedure, when the Complaint is insufficiently pled, is to grant the plaintiff leave to amend. As a general rule, leave to amend is granted liberally, *Foman v. Davis*, 371 U.S. 178 (1962). However there are times, like the present, when an amendment will do nothing more than waste additional judicial resources. As previously pointed out, the Plaintiff has mysteriously failed to provide the Court with the text of the March 23, 2007 communication to YouTube. No doubt the Plaintiff failed to do so because the statement itself would undermine

his theory of liability.  The Defendants' position is that the Court might as well deal with the "statement" now as opposed to having the Plaintiff amend the Complaint to include this communication.  The text of the March 23, 2007 statement to YouTube is as follows:

> …These clip http://www.youtube.com/watch?v=M9w7jHYriFo and
> http://www.youtube.com/watch?v=jBQD2uunYYY was removed by you previously and was put on right back. In it there are several scenes and photos that the copyright belong to us. There is an English Dr. who introduces Uri which is a copyright infringement and some scenes from a documentary we did and the usage of the Carson clip is without our consent…
> Thanks for your help.
> Regards,
> Shipi

SHTRANG Dec ¶ 13, Exhibit 2. What was said in the notification was very specific and true in all respects. On that basis alone, there can be no liability because there is no misrepresentation as required by Section 512(f) of the DMCA.

Moreover, section 512(f) has been interpreted to impose liability on a party only "if it 'knowingly' and 'materially' misrepresents that copyright infringement has occurred.  *Online Policy Group , supra.* The communication in the case *sub judice* did not claim ownership of the entire clip posted by Sapient.  Rather, only to "several scenes and photos" and more specifically, to the "English Dr. who introduces Uri." Since the Statement was true and not a "knowing misrepresentation," there can be no liability under this section. *Rossi*, 391 F.3d at 1004-5.

The mere fact that the corporate representative may have been mistaken[5] as to the application of British copyright law does not support liability.  As the *Rossi* Court pointed out:

> In § 512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation. *A copyright owner cannot be liable simply because an unknowing mistake is made,* even if the copyright owner acted unreasonably in making the mistake. See § 512(f). Rather, there must be a demonstration of some actual knowledge of misrepresentation on the part of the copyright owner.

---

[5] A point clearly not conceded and at the heart of the Philadelphia litigation.

*Rossi*, 391 F.3d at 1004-5(emphasis added).

On its face, this statement was subjectively made in good faith and therefore there is no liability under *Rossi* and *Dudnikov, supra.* This view is supported by the legislative history. Congressional intent is clear that § 512(f) was created "to deter knowingly false allegations to service providers in recognition that such misrepresentations are detrimental to rights holders, service providers, and Internet users." Report of the U. S. Senate 105-190, 105th Cong., 2nd Sess. 1998, 1998 WL 239623, at 49;  Report of the U. S. House of Representatives, 105-551, 1105th Cong., 2nd Sess. 1998, 1998 WL 261605, pt. 2, at 59.  Congress thus determined that allegations of infringement that are ultimately incorrect, but not "knowingly false," need not (and should not) be similarly "deterred" through a private cause of action. Instead, Congress determined that the efficient put-back procedure of § 512(g) sufficed to balance the interests of internet users in all other cases of incorrect notification and takedown. *Cf.* H. Rep. 105-551, pt. 2, at 59; Sen. Rep. 105-190, at 21, 50. At best, the March 23, 2007 notification was totally correct in its assertion of a claim to own copyrights over portions of the video clip. At worst it was a good-faith mistake, upon which no liability attaches.  Either way the Complaint should be dismissed.

## VI. CONCLUSION

This Court should dismiss this case for multiple reasons. First, this case should be dismissed because this Court lacks subject matter jurisdiction over the extraterritorial acts alleged to be in violation U. S. Copyright Law. Second, because this Court lacks personal jurisdiction over Defendants, a British corporation and British resident, neither of whom have ever been jurisdictionally "present" in the State of California. Third, because venue is improper insomuch as there couldn't be a more inconvenient forum for resolving a dispute between an east coast Plaintiff and two European defendants.  Explorologist also contends, should Sapient's

Complaint survive jurisdictional attacks, that this case should be transferred and consolidated with the suit it filed in Philadelphia under the first to file rule. Fourth, because the Complaint fails to state a claim upon which relief can be based since the complaint fails to aver the facts and circumstances that constitute fraud, as required by Fed. R. Civ. P. 9(b). Fifth, the Complaint fails to state a claim upon which relief can be based. Since the alleged DMCA takedown was based on three-month old affidavit and otherwise failed to comply with the take down requirements of 17 U.S.C. § 512(g); there can be no liability for a DMCA takedown that is not based on a knowing misrepresentation and there can be no liability under 17 U.S.C. § 512(f) where  statements made in connection with a DMCA takedown are  true and made in good faith.

Dated: October 2, 2007

_____/s/_____

Richard Winelander, Esq. *(pro hac vice)*
1005 North Calvert Street
Baltimore Maryland 21202
rw@rightverdict.com
Telephone: 410.576.7980
Facsimile: 443.378.7503

_____/s/_____

Jeffrey M. Vucinich, Esq. (SBN 67906)
jvucinich@clappmoroney.com
Clapp, Moroney, Bellagamba
& Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066Telephone:
650.989.5400
Facsimile: 650.989.5499

Attorney for Defendants,
Uri Geller and Explorologist, Ltd.