# EXHIBIT U



# EXHIBIT V

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EXPLOROLOGIST LIMITED,
                Plaintiff,

v.

BRIAN SAPIENT,
                Defendant.

Civ. No. 07-1848

**MEMORANDUM / ORDER**

As discussed at oral argument on October 24, 2007, (1) defendant Sapient's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction will be denied, and (2) defendant's 12(b)(6) motion to dismiss various aspects of plaintiff Explorologist Limited's complaint will be granted in part and denied in part.

As to the issue of where the alleged infringement took place, the motion will be denied without prejudice, and defendant will be granted leave to re-file a motion making this argument within 30 days of this order.[1]  This issue is important because copyright laws generally do not operate extraterritorially; therefore, the law that applies is generally the law of the country of infringement.  According to the treatise defendant cites, in internet-file-posting cases, it is the file-posting service's act of making the file available

---

[1] If defendant requires easily ascertainable facts outside of the pleadings to make this argument, defendant may file instead a motion for summary judgment.

for downloading, not the user's act of posting it, that constitutes "making a work available" under British law. Kevin Garnett et al., Copinger & Skone James on Copyright § 7–115 (15th ed. 2005) [hereinafter "Copinger"]; *see also* Copyright, Designs and Patents Act, 1988 c. 48, § 20(2)(b) (U.K.) [hereinafter "CDPA"] (prohibiting "the making available to the public of the work by electronic transmission in such a way that members of the public may access it from a place and at a time individually chosen by them").[2] Plaintiff is quick to point out that authorizing the file-posting service to make the work available is also actionable.[3] CDPA § 16(2).

The court agrees with plaintiff that authorization is properly alleged, but it seems important to note that, under this theory, plaintiff's claim is derivative in nature—and thus entirely dependent on YouTube's conduct being actionable.[4] But, according to defendant's treatise, "it is suggested that the place where the apparatus is situated and from where access to the work can be obtained is the place where the restricted act occurs." Copinger § 7–117. The wording here is somewhat obtuse, but it is certainly arguable that the "apparatus" in this case would be the YouTube server on which

---

[2] This section is available only in unofficial copy. It reflects an amendment to the 1988 statute effected by the Copyright and Related Rights Regulations, 2003, S.I. 2003/2498, ¶ 6 (U.K.), which implemented a 2001 European Union directive.

[3] A question that neither party has addressed is whether this authorization must take place in the United Kingdom to give rise to liability under British law.

[4] Section 16(2) of the CDPA prohibits "authorisi[ng] another to do[] any of the acts restricted by the copyright [law]." Given this text, it would appear that if the authorized act is not actionable under British law, neither is its authorization. If, however, this reading is incorrect, the parties are welcome to submit authorities rebutting it.

Sapient's files were stored. Thus, the argument would go, if that server were not in the United Kingdom, then YouTube's conduct would not be actionable under United Kingdom law, and, derivatively, neither would defendant's. Given that there would seem to be some likelihood that the YouTube server was not located in the United Kingdom, this reading of British law could prove fatal to plaintiff's copyright claim under British law. Therefore, the court will not accept this reading of British law—or any other—without being informed of additional authority.[5]

As to plaintiff's commercial disparagement/corporate defamation claim, because it was pleaded as a commercial disparagement claim, and because special damages—an element of that claim—were not pleaded with specificity, defendant's motion to dismiss will be granted. If plaintiff wishes, it may re-plead the claim, or plead a different cause of action, within 30 days.

As to all other claims and issues, the motion to dismiss will be denied for the reasons given at oral argument.

* * * * *

AND NOW, this 25th day of October, 2007, it is hereby ORDERED that:

(1)  Defendant's motion to dismiss, as to defendant's argument regarding the place of infringement, is DENIED without prejudice, and defendant is GRANTED leave to re-file that motion in accordance with the above within 30 days of this order;

---

[5] In this context, counsel are reminded of Federal Rule of Civil Procedure 44.1, which allows the court, "in determining foreign law, [to] consider any relevant material or source, including testimony . . ." on the substance of foreign law.

(2) Defendant's motion to dismiss Count II of plaintiff's complaint is GRANTED, and that claim is DISMISSED without prejudice; plaintiff may re-plead, as specified above, within 30 days;

(3) In all other respects, defendant's motion to dismiss is DENIED.

BY THE COURT:

/s/ Louis H. Pollak

_____

Pollak, J.