Jeffrey M. Vucinich (SBN 67906)
jvucinich@clappmoroney.com
Clapp, Moroney, Bellagamba
& Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
Telephone: 650.989.5400
Facsimile: 650.989.5499

Richard Winelander (*pro hac vice*)
rw@rightverdict.com
1005 North Calvert Street
Baltimore Maryland 21202
Telephone: 410.576.7980
Facsimile: 443.378.7503

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE A/K/A BRIAN SAPIENT,  )<br>           ) <br>Plaintiff,  )<br>           )<br>v.  )<br>           )<br>URI GELLER  )<br>           )<br>and  )<br>           )<br>EXPLOROLOGIST LTD.,  )<br>           )<br>Defendants  )<br>           ) | Case No.: **3:07-cv-02478 VRW**<br><br>REPLY TO THE PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS<br><br>Judge: The Hon. Vaughn R. Walker<br>Date:         December 6, 2007<br>Time:         2:30 p.m.<br>Courtroom:  6, 17th Floor |

**INTRODUCTION**

After reviewing the Plaintiff's opposition to the Defendants' Motion to Dismiss it becomes painfully clear that the Plaintiff and his lawyers will stop at nothing to keep this frivolous lawsuit alive. As the Court will see they twist the law, the facts and the rules of procedure to the breaking point. If they can't respond to an argument they ignore it. When faced with the actual (and truthful) language of the March 23, 2007 e-mail (which they continue to hide from the Court) they turn a blind eye to it and claim instead (both here and for their multiple press releases) that it is somehow an "illegal" misrepresentation. Plaintiff also uses the Defendants interchangeably in a clumsy attempt to establish personal jurisdiction that simply does not exist. Similarly they seek to pierce a corporate veil and hold Uri Geller libel for something he knew nothing about. Plaintiff's suggestion that California is the most convenient forum, because they found one witness here, is simply implausible. So too is his suggestion that the issues in the Philadelphia suit are somehow different.

**I     THIS COURT LACKS PERSONAL JURISDICTION**

It is clear that this Court lacks personal jurisdiction over Explorologist, a foreign corporation and Uri Geller, an English resident who who did not even *know* about, let alone authorize, any act alleged to have occurred in California. In spite of the fact that a plaintiff cannot "simply rest on the bare allegations of its complaint," *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004). Plaintiff chose not to contest or contravene the facts[1] supplied in support of the Defendants motion the instead Plaintiff raises several red hearings, which the Defendants will address in turn.

**A     Under a Due Process Analysis Uri Geller Could Not Reasonably Have Anticipated Being Haled into Court in California**

---

[1] The Plaintiff has attached two declarations to his opposition. The Defendants hereby object to and move to strike them as they are not based on personal knowledge and are riddled with hearsay.

REPLY TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS - Case No.: 3:07-cv-0 2478 VRW
- 1 -

Under the undisputed jurisdictional facts Uri Geller could not reasonably have anticipated being haled into court in California. It is fundamental that due process requires that a defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 US 310, 316 (1945). Crucial to the minimum contacts analysis is a showing that the defendant "should reasonably anticipate being haled into court" *Burger King v. Rudzewicz,* 471 U.S. 462, 476-77 (1985). Notwithstanding the Plaintiff's practice of interchanging the Defendants at will; each defendant's contacts with the forum State must be assessed individually. In other words "the requirements of *International Shoe* ... must be met as to each defendant over whom a state court exercises jurisdiction." *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)

The undisputed Jurisdictional facts are that Geller is a resident of England. See Exhibit 3, Declaration of Uri Geller in Support of the Motion ("GELLER Dec"), ¶ 2. His home is located in Sonning-on-Thames, England and he has never been a resident of the State of California. *Id*. ¶ 3. Additionally, Geller has never owned a bank account, personal or real property in California. *Id.*, ¶ 4&5. He does not now, nor has he ever maintained an office, *Id*., ¶ 6, telephone listings, or a mailing address in California. *Id*., ¶ 7; and Exhibit 1 attached hereto, ¶ 3, the Second Declaration of Shimshon Shtrang in Support of Motion to Dismiss ("SHTRANG Dec 2"). Geller has never placed any advertising specifically directed toward California residents, nor has he advertised in any publications directed primarily toward California residents. *Id*. ¶ 8. Significantly, when Shipi communicated with YouTube on behalf of Explorologist, he did so without Geller's knowledge, request, or authorization. *Id*. ¶ 9, SHTRANG Dec at ¶ 17. Therefore this Court also lacks personal jurisdiction over Geller, an English resident is not employed in the State of California, who owns no property in California

REPLY TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS - Case No.: 3:07-cv-0 2478 VRW
- 2 -

and who did not even *know* about, let alone authorize, any act alleged to have occurred in California.

### B  There is No General Jurisdiction Over the Defendant's.

The Plaintiff's claim that there that the Court has general jurisdiction over the defendants is unfounded. General personal jurisdiction (which is based on evidence of continuous and systemic contacts between the defendant and the forum state) simply does not exists. A nonresident defendant is subject to general jurisdiction in the forum state only if his activities in that state are "substantial, continuous and systematic." *Perkins v. Benguet Mining,* 342 US 437, (1952). Here the Plaintiff has responded by pointing out 5 or 6 sporadic and unpredictably intermittent visits to California over the past 35 years. SHTRANG Dec 2 at ¶ 7, 8, 9 & 10, and an unforeseen fortuitous personal appearance obligation that occurred *after*[2] the alleged cause of action arose and the Defendants waived service of process. None of Plaintiff's guesses, individually or collectively are substantial, continuous and systematic enough to establishes minimum contacts with California.

### C  Since Explorologist's Internet Activities are Targeted at a Worldwide Audience They Cannot Serve as the Basis of Personal Jurisdiction in California

Plaintiff suggests that because Explorologist's internet activities can be accessed in California it (and presumably Uri Geller) is subject to the Courts jurisdiction there. In support of this proposition the Plaintiff relies heavily on *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir.2002). Contrary to the Plaintiff's protestations, the targeting of the worldwide web does not establish personal jurisdiction on a potential defendant in every conceivable country, state or municipality that receives or can access it. Rather an out-of-state defendant's Internet activity must be *expressly targeted at or directed to forum state* to establish

---

[2] See argument *infra,* jurisdiction attaches (or does not attach) as of the time that an action is filed. *Cf. Metropolitan Life Ins. v. Robertson-Ceco Corp.,* 84 F.3d 560, 569-70 (2d Cir.1996).

REPLY TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS - Case No.: 3:07-cv-0 2478 VRW
- 3 -

minimum contacts necessary to support exercise of personal jurisdiction over defendant in the forum state. *Young v. New Haven Advocate*, 315 F.3d 256 (4th Cir., 2002). In *Young* the Fourth Circuit reviewed both this proposition and its decision in *ALS Scan*. the Court specifically pointed out that *ALS Scan*:

> held that "specific jurisdiction in the Internet context may be based only on an out-of-state person's Internet activity directed at [the forum state] and causing injury that gives rise to a potential claim cognizable in [that state]." *Id*. at 714. We noted that this standard for determining specific jurisdiction based on Internet contacts is consistent with the one used by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *ALS Scan*, 293 F.3d at 714. Calder, though not an Internet case, has particular relevance here because it deals with personal jurisdiction in the context of a libel suit. … The Supreme Court held that California had jurisdiction over the Florida residents because "California [was] the focal point both of the story and of the harm suffered." *Calder*, 465 U.S. at 789, 104 S.Ct. 1482. The writers' "actions were expressly aimed at California," the Court said, "[a]nd they knew that the brunt of [the potentially devastating] injury would be felt by [the actress] in the State in which she lives and works and in which the National Enquirer has its largest circulation," 600,000 copies. *Calder*, 465 U.S. at 789-90, 104 S.Ct. 1482.

*Young*, 315 F.3d at 262. The Calder effects test requires foreseeable harm to the Plaintiff in the state that he or she lives. *Calder v. Jones*, 465 U.S. 783 (1984). Although a plaintiff need not be a resident of the forum state, for jurisdiction to attach, the defendant must, absent that, have minimum contacts there. *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770 (1984). Here the Defendants do not have such contacts and California was not targeted. Therefore *Keeton* is not controlling. Rather Explorologist aimed a single e-mail at the World Wide Web to lodge a specific and truthful complaint. This e-mail was sent to the internet in general any effect it had was on the Plaintiff was in Philadelphia. The fact that California is one of the multitude of jurisdictions that YouTube does business in and maintains servers does not alter this fact. The simple fact of the matter is that YouTube is not a party to this lawsuit and the Plaintiff lives, and if he was damaged at all, in Pennsylvania.

### D  The Court Cannot Consider Contacts by the Defendants Which Occurred After the Complaint was Filed

Plaintiff improperly seeks to use events, that occurred moths after the suit was filed and served, to establish jurisdiction. The central inquiries with respect to specific jurisdiction are whether the Defendant's purposefully established minimum contacts with the forum state and whether those contacts would make personal jurisdiction reasonable and fair under the circumstances. *Burger King, supra.* "Crucial to the minimum contacts analysis is a showing that the defendant 'should reasonably anticipate being haled into court' [in the forum state] because the defendant has 'purposefully avail[ed] itself of the privilege of conducting activities there.' " *Id.* (citations omitted).

The focus on whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state necessarily implies that only conduct prior to the accrual of the cause of action or, at the very latest, the filing of the lawsuit is relevant. In other words, "purposeful availment" implies that the defendant, as shown by its activities, intended to be amenable to suit in the forum state. Conduct post-dating the filing of a complaint by definition cannot show that, when the defendant engaged in the post-complaint acts purportedly supporting jurisdiction, it intentionally exposed itself to the possibility of an event which had already occurred (the filing of a complaint in the forum state).

This conclusion is supported by *Sportmart, Inc. v. Frisch,* 537 F.Supp. 1254 (N.D.Ill.1982). In that case, Sportmart filed suit against ski and ski boot manufacturers and distributors alleging a conspiracy. One of the defendants (Nordica US) did not commence operations until five months after the alleged conspiracy began. Sportmart sued Nordica US anway, alleging that, after the complaint was filed, it refused to accept Sportmart's orders for boots. The court found that "the relevant time period for jurisdiction and venue purposes is the

time that the cause of action accrued." 537 F.Supp. at 1259. The court concluded that the post-complaint allegations were "jurisdictionally irrelevant" because they went beyond the conspiracy alleged in the complaint. *Id.* In other words, jurisdiction attaches (or does not attach) as of the time that the law suit is filed. A court "should examine a defendant's contacts with the forum state over a period that is reasonable under the circumstances-up to and including the date the suit was filed-to assess whether they satisfy the 'continuous and systematic' standard". *Metropolitan Life Ins. v. Robertson-Ceco Corp.,* 84 F.3d 560, 569-70 (2d Cir.1996)

Finally it must be remembered that the rules regarding personal jurisdiction are founded on the Due Process Clause, which requires that an individual have "fair warning" that a particular activity may subject it to the jurisdiction of the forum state. *See, e.g., Burger King Corp.,* 471 U.S. at 472. While pre-suit activities may rise to the level of a "fair warning" that a defendant may be haled into a court in the forum state, post-suit activities cannot serve to warn the defendant of an event that has already occurred.

These conclusions are consistent with the decisions of other courts which have specifically addressed whether the jurisdictional clock stops at the time the complaint is filed, *Steel v. United States,* 813 F.2d 1545, 1549 (9th Cir.1987) (to determine whether specific jurisdiction is proper, the court must examine the defendant's contacts with the forum at the time of the events underlying the dispute); *Andros Compania Maritima S.A. v. Intertanker Ltd.,* 714 F.Supp. 669 (S.D.N.Y.1989).

### E    The Defendants Have Not and Could Not Have Been Served in California

The Defendants have not and could not have been served in California for four reasons. First they waived service of process. Second, the attempted service occurred to late. Third the NBC studio is not their usual place of business and fourth they were not served.

Because both Defendants waived service of process, pursuant to Fed. R. Civ. P. 4(d) service was complete, any subsequent attempts were at best ineffective and at worse an abuse of process. Next it is quite clear that Plaintiff's attempts at "re-service" (if such a thing exists) came too late. Fed. R. Civ. P. 4(m) places a time limit on service of 120 days after the filing of the complaint. Here that date expired on September 5, 2007. Moreover the California Rules of procedure only allow service by alternative means when "a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served" California Code of Civil Procedure § 415.20(b). In the case *sub judice* since both Defendants waived service of process several months earlier the need for alternative service was eliminated.

The Plaintiff was not only guessing wrongly but grasping for straws when his lawyers declared the Uri Geller was staying at the Four Season Beverly Hill and the NBC studious were his usual place of business. The only facts based on personal knowledge are that Uri Geller lives and works in England, has no office in the NBC studio and was only at the NBC studio on 8 occasions during his brief contractual stay in California. *See* SHTRANG Dec 2 at ¶ 3, 4 & 7. Unfortunately the Plaintiff's lawyer was also wrong when he claimed the Phenomena was renewed for a second season. *Id.* at ¶ 6. As the Court can see Uri Geller was in constant motion during the course of this year. He has made appearances in a minimum of ten Countries. SHTRANG Dec 2 at ¶ 14. He has no usual place of business. Finally it is obvious the neither of the Defendants were seen in person let alone properly served in California.

## II    VENUE IN THIS COURT IS IMPROPER

Sapient's choice of venue in this court is improper because, even if this Court had jurisdiction over Defendants (which it does not), Sapient's vexatious choice of forum is solely motivated by a desire to disadvantage and harass Defendants. California is about as inconvenient a forum as could exist for all parties and witnesses. In fact a trial here would

require all of the parties to travel either across the country or the globe. Next year variations of Phenomena[3] will be shot in Germany, Hungary and Russia and travel and producing witnesses will be made even more difficult. Plaintiff points to only one potential witness from California. On the other hand the Plaintiff and Defense counsel must come from the east-coast while the Uri Geller, Mr. Shtrang, at least one barrister and several corporate employees and witnesses must travel from Europe. The cost of this will be staggering.

Defendants, also maintain that the case should be transferred and consolidated with the suit Explorologist filed in Philadelphia under the "first to file" rule. *Alltrade, Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 625 (9th Cir.1991). The primary purpose of the "first to file" rule "is to avoid duplicative litigation, and to promote judicial efficiency" *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc*., 179 F.R.D. 264, 269 (C.D.Cal.1998) and "should not be disregarded lightly." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir.1979). The goal is the avoidance of both an unnecessary burden on the federal judiciary and of conflicting judgments. *Id.* at 750. Motions and hundreds of pages of legal memoranda are flying both here and in Philadelphia. Judge Polack has already spent considerable judicial time and resources analyzing, applying and requesting additional British law with respect to the portion of the clip Sapient uploaded to YouTube that Explorologist claims a copyright in. It is that clip that lays at the center of both law suits. It is the Philadelphia lawsuit, which YouTube[4] invited Explorologist to file, that Plaintiff seeks to enjoin in Count Two of the complaint in this Court. Because his Motion to dismiss the Philadelphia suit was denied the Plaintiff must file his answer and any Rule13(a) counterclaim at that time. Plaintiff's

---

[3] The when the format was developed in Israel it was titled "The Successor" in the future it will be called "The Next Uri Geller." It is also interesting to note that the first episode of Phenomena featured the Jonny Carson clip Sapient and his lawyers say the Defendants are trying to suppress.
[4] After receipt of Sapient's counter notification.

REPLY TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS - Case No.: 3:07-cv-0 2478 VRW
- 8 -

contention that Explorologist suit in Plaintiff was forum shopping is mystifying, since no one would have for seen that Plaintiff would have filed suit on the other side of the country.

### III    ABSENT FACTUAL ALLEGATIONS OF FRAUD THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE BASED.

This case should be dismissed for failure to comply with, Fed. R. Civ. P. 9(b) for two reasons: first, the allegations in the Complaint are based only on "information and belief" and second, the Complaint fails to aver the circumstances that constitute fraud as required by this rule. Plaintiff after ignoring the first argument claims that it is not required to allege the text of what it claims was a fraudulent misrepresentation because the issue has not previously been addressed and because it would be burdensome on the Plaintiff.

There is no doubt that a violation of 17 U.S.C. § 512(f), like any other misrepresentation, constitutes fraud. What is in doubt is how Plaintiff and his lawyers can deny it in good faith. This is especially troubling in light of the Plaintiff's constant reliance on the case of *Online Policy Group v Diebold, Inc*., 337 F.Supp.2d 1195 (N.D. Cal. 2004) a case that clearly states the opposite. It is such a fundamental truth that the West Key Number Digest repeatedly points out the obvious and classifies 17 U.S.C. § 512(f) as fraud[5]. As such the Plaintiff was obliged to provide the statement it claims was a misrepresentation as required by Rule 9(b).

Plaintiff's claim that would be burdensome to comply with Rule 9(b) because "Plaintiff they do not always have the "luxury of having a copy of the take down notice," flies in the face of the facts of this case and Fed. R. Civ. P. 11. First on May 4, 2007 counsel for the Defendants

---

[5]  [13] KeyCite Notes
🔑184 Fraud
   🔑184I Deception Constituting Fraud, and Liability Therefor
      🔑184k18 k. Materiality of Matter Represented or Concealed. Most Cited Cases
Party "materially" misrepresents that copyright infringement has occurred, within meaning of Digital Millennium Copyright Act's (DMCA's) liability provision, if misrepresentation affected Internet service provider's (ISP's) response to party's DMCA letter. 17 U.S.C.A. § 512(f).

[14] KeyCite Notes
🔑184 Fraud
   🔑184I Deception Constituting Fraud, and Liability Therefor
      🔑184k8 Fraudulent Representations
         🔑184k13 Falsity and Knowledge Thereof
            🔑184k13(2) k. Knowledge of Defendant. Most Cited Cases
*Diebold, Inc*., 337 F.Supp.2d at 1196.

REPLY TO THE PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS - Case No.: 3:07-cv-0 2478 VRW
- 9 -

sent a letter which contained the exact language of Mr. Shtrang's March 23, 2007 e-mail to YouTube to Plaintiffs lawyers. (See Exhibit 2). Second, and more importantly, Plaintiff was under a duty pursuant to Rule 11 to:

> certify that they have conducted a reasonable inquiry and have determined that any paper filed with the Court are well-grounded in fact, legally tenable and not interposed for any improper purpose. The attorney who signs the paper without such a substantial belief shall 'be penalized' by an appropriate sanction.

*Cooter & Gell v. the Hartmarx Corp.,* 496 U.S. 384, 387 (1990). Instead Plaintiff and his lawyers filed an ungrounded suit, without investing or worse hide the text of the Mr. Shtrang's e-mail, so the attack against the Defendants could be prolonged. Either way Plaintiff is not relieved of his obligations under Fed. R. Civ. P. 9(b).

**IV There can be no liability for a DMCA takedown without a knowing misrepresentation**

Plaintiff continues to ignore the standard announced, by the Supreme Court, that a district court should not accept as true legal conclusions or unwarranted factual inferences. *Bell Atl. Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955 (2007). He urges this Court to ignore the fact that there is no allegation in the Complaint that Uri Geller personally made knew about or directed that a complaint be made to YouTube, let alone a knowing misrepresentation. The only allegation in the Complaint is that "[o]n information and belief, on March 23, 2007, an agent of Explorologist Ltd. and Geller demanded that YouTube takedown the NOVA Video pursuant to the DMCA, 17 U.S.C. § 512…" (Complaint ¶ 15). There is no allegation, nor could there be, thatUri Geller personally communicated or knew about Explorologist's e-mail. In fact, when Shipi communicated with YouTube, he did so without Geller's knowledge, request or authorization. SHTRANG Dec at *Id*. ¶ 9 and ¶ 17.  Without actual knowledge of a misrepresentation there can be no liability under 17 U.S.C. § 512(f).

Of course the facts contained in the declaration of Shipi Shtrang (to the extent they pertain to the Defendants' Rule12(b)(6) Motion) are out side of the pleadings within the meaning of Fed. R. Civ. P. 12(d). The effect of which is to convert this portion of the Motion to

a motion for summary judgment. *Id.* The Plaintiff may have contested these facts but did not (and could not) because they are true. The net effect is that there is no liability on the part of Uri Geller because he made no representation to YouTube. *Rossi v Motion Picture Ass'n of America Inc.*, 391 F.3d 1000 (9th Cir. 2004), *Cert. denied*, 544 U.S. 1018 (2005) this is true even under the relaxed (and overruled) standard contained in *Diebold, supra.*

Dated: November 26, 2007

         /s/
Richard Winelander, Esq. (*pro hac vice*)
rw@rightverdict.com
1005 North Calvert Street
Baltimore Maryland 21202
Telephone: 410.576.7980
Facsimile: 443.378.7503

         /s/
Jeffrey M. Vucinich, Esq. (SBN 67906)
jvucinich@clappmoroney.com
Clapp, Moroney, Bellagamba
& Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
Telephone: 650.989.5400
Facsimile: 650.989.5499

Attorneys for Defendants,
Uri Geller and Explorologist, Ltd.