Jeffrey M. Vucinich (SBN 67906)
jvucinich@clappmoroney.com
Clapp, Moroney, Bellagamba
& Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
Telephone: 650.989.5400
Facsimile: 650.989.5499

Richard Winelander (*pro hac vice*)
rw@rightverdict.com
1005 North Calvert Street
Baltimore Maryland 21202
Telephone: 410.576.7980
Facsimile: 443.378.7503

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE A/K/A BRIAN SAPIENT, | Case No.: C-07-2478 BZ |
| Plaintiff, | |
| vs. | THE SECOND DECLARATION OF SHIMSHON SHTRANG IN SUPPORT OF MOTION TO DISMISS |
| URI GELLER | |
| and | |
| EXPLOROLOGIST LTD., | |
| Defendants | |

I, Shimshon Shtrang, declare:

1. I make this declaration under penalty of perjury and could testify competently to the matters set forth herein if called to testify. All matters stated herein are based on my personal knowledge unless specifically noted otherwise.

EXHIBIT 1

2. I am an officer of Explorologist Ltd., which is a limited liability company organized and existing under the laws of the England and Wales. Our usual (and only) place of business is our office in London, England.

3. Neither Explorologist Ltd. nor Uri Geller were given, rented or maintained an office in California during the production of Phenomenon.

4. Uri Geller was required by contract with several foreign corporations to appear at the NBC Studios once a week for 5 weeks for the filming of Phenomenon and for 3 production meetings.

5. The format for Phenomenon was developed in Israel under the name "The Successor" and will next be produced in Germany.

6. Phenomenon has not been renewed for a second season by NBC.

7. Uri Geller did not stay at the Four Seasons Beverly Hills Hotel during the production of Phenomenon.

8. I traveled with Uri Geller on all of his trips and have done so since the early 70's.

9. In 1972 or 1973 Uri Geller was in California for a week or two while scientific experiments were conducted on him at Stanford Research Institute. During this period our living quarters were provided gratis.

10. To the best of my recollection, during the past 35 years, in addition to the experiments conducted on him at Stanford Research Institute and the appearances required for Phenomenon Uri Geller's visited California 5 or 6 times for one of the following reasons: a worldwide lecture tour; a worldwide book tour or a worldwide film tour.

11. For the next year we will be traveling extensively through Europe.

12. Uri Geller schedule, to the best of my recollection, for the year 2007 was as follows:

| Date | Location |
|---|---|
| January | Israel |
| February 1-23 | England |
| February 23-25 | Germany |
| February 25- April 7 | England |
| April 7-8 | Germany |
| April 8-13 | Japan |
| April 15-16 | France |
| April 16- 24 | England |
| April 24-26 | Spain |
| April 27- May 15 | England |
| May 16-17 | Northern Ireland |
| May 17- 21 | England |
| May 21-24 | Holland |
| May 25 - June 20 | England |
| June 20-24 | Germany |
| June 25- July 11 | England |
| July 11-14 | Germany |
| August 13-14 | Germany |
| September 2-6 | USA   (CA) |
| September 7-12 | Germany |
| September 12-24 | England |
| September 24-26 | Hungary |
| September 26-30 | Cyprus |
| October 3-7 | USA   (CA) |
| October 8-12 | Japan |
| October 12 to November 27 | USA (CA, TN, NV) |
| November 27 | England |

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this declaration on November 23, 2007.

_____
Shimshon Shtrang

# RICHARD WINELANDER

*Attorney and Counselor at Law*
*URL:* www.rightverdict.com

*Telephone*: 410-576-7980
*Fax:* 410-385-2023
*Toll Free:* 1-800-757-2878

1005 North Calvert Street
Baltimore, Maryland 21202-3823
E-*mail:* rw@rightverdict.com

May 4, 2007

Marcia Hofmann, Staff Attorney
Electronic Frontier Foundation
1875 Connecticut Ave. NW, Suite 650
Washington, DC  20009

*RE:*   Brian "Sapient"

Dear Ms. Hofmann:

Thank you for your prompt reply identifying March 2007 as time frame of the removal of the video clip entitled "James Randi exposes Uri Geller and Peter Popoff" (http://www.youtube.com/watch?v=M9w7jHYriFo) from YouTube. With that information I believe I have determined what happened. On March 23, 2007, Shimshon (Shipi) Shtrang faxed a three month old (December 28, 2006) YouTube DCMA form to YouTube. Next he immediately sent the following e-mail from his home in the United Kingdom:

> From: "uri Geller" <uri@urigeller.com>
> Subject: RE: [#93788937] http://www.youtube.com/watch?v=K_Mkxl6ubaA
> Date: Fri, 23 Mar 2007 09:30:52 -0000
>
> Hi Justin,
> I faxed the DMCA form…
>
> These clip http://www.youtube.com/watch?v=M9w7jHYriFo and http://www.youtube.com/watch?v=jBQD2uunYYY was removed by you previously and was put on right back. In it there are several scenes and photos that the copy right belong to us. There is an English Dr. who introduces Uri which is a copyright infringement and some scenes from a documentary we did and the usage of the Carson clip is without our consent…
>
> Thanks for your help.
> Regards,
> Shipi

It appears that everything Mr. Shtrang said is true and correct.  As you can see from the attached statement from Dr. Hughes, Mr. Shtrang actually shot the video in which Dr. Hughes appeared. Thus he owned the copyright pursuant to the Copyright Act 1956[1]. Mr. Sapient did

---

[1] This United Kingdom statute is applicable in accordance with the Berne Convention.

*Bar admissions:*   The Supreme Court of the United States; The United States Court of Appeals for the 3rd, 4th and DC Circuits; The United States Court of International Trade; The United States District Court for The Districts of MD & DC; The Court of Appeals of Maryland and DC

EXHIBIT 2

*Richard Winelander Esq.*     May 4, 2007                                         2

not have authorization from Mr. Shtrang, Explorologist, Ltd., or from the owners of the other portions of the clip to exhibit their works. Clearly Mr. Shtrang did not make a material misrepresentation.

From the document, you sent me; I can see that YouTube did an independent evaluation on March 27, 2007 after which they apparently made an independent determination to take down the video clip. Whether this takedown was based on Mr. Shtrang's complaints about the Dr. Hughes segment, which would be a DMCA takedown, or his complaint that Mr. Sapient did not have permission to use the Johnny Carson segment, which would constitute a terms of use[2] takedown, is unknown.

As far as YouTube goes, if YouTube erred in taking down the clip pursuant to the DMCA that error would be its failure to require each notification to be made in conformance with 17 U.S.C.§ 512(c)(3)(A)(vi). Under no circumstances should it up have allowed, *non pro tunc*, the (December 28, 2006) YouTube DCMA form to be used in March 2007. Your client's suspension was based in part on other misconduct in his part. In a recent video clip he admits as much. See, http://www.youtube.com/watch?v=Lp_nboO9WVI.

It is also clear that you do not have subject matter jurisdiction over Mr. Shtrang's act of sending an e-mail to YouTube from the UK. It is well settled that the Copyright Act does not apply extraterritorially, *United Dictionary Co. v. G. & C. Merriam Co*., 208 U.S. 260 (1908); *Capitol Records, Inc. v. Mercury Records Corp*., 221 F.2d 657, 662 (2d Cir.1955); *Subafilms, Ltd. v. MGM-Pathe Communications Co*., 24 F.3d 1088 (9th Cir.1994). As the Court, in *Subafilms,* pointed out: "an extension of the extraterritorial reach of the Copyright Act by the courts would in all likelihood disrupt the international regime for protecting intellectual property." *Id* at 1098. Since the Berne Convention specifies that domestic law governs a work's protection in its country of origin, *see,* Berne Conv. Art. V(3), the distinction I mentioned in my e-mail between our concept of "fair use" and the UK concept of "fair dealing" with respect to copyright law comes into play. *See,* Copyright, Designs and Patents Act of 1988 §30(1). Applying the "fair dealing" concept to Mr. Shtrang, as well as Explorologist, Ltd. as licensee, were well within their rights to complain to YouTube for a video clip accessible in the UK and not containing the proper "acknowledgement."

In conclusion is quite clear that Mr. Shtrang, individually or on behalf of Explorologist, Ltd., did not knowingly misrepresent himself as required by 17 U.S.C.§ 512(f). In fact his conduct may have been appropriate under the Copyright, Designs and Patents Act of 1988. Moreover,

---

[2] "In connection with User Submissions, you further agree that you will not: (i) submit material that is copyrighted, protected by trade secret or otherwise subject to third party proprietary rights, including privacy and publicity rights, unless you are the owner of such rights or have permission from their rightful owner to post the material fand to grant YouTube all of the license rights granted herein…"Terms of Use §.5.B. User Submissions.

*Richard Winelander Esq.*                            May 4, 2007                                                3

the takedown of the clip could have been a result of your client's violation of YouTube's terms of use. Assuming *arguendo,* that his actions were somehow inappropriate, I find it hard to see how there would be a good faith basis for asserting either personal, *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) or subject matter jurisdiction *Subafilms, supra,* to pursue a case in the United States.

Now, that I have advised you of my the findings and opinions, I hope you will agree that the litigation you have been threatening is based on factual contentions that lack evidentiary support and that the extraterritorial application of the US Copyright Act under these circumstances is not warranted by existing law.

Very truly yours,

Richard Winelander Esq.