UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE A/K/A BRIAN SAPIENT, | Civil Action No. 3:07-cv-02478 VRW |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Judge: Hon. Vaughn R. Walker |
| URI GELLER A/K/A URI GELLER FREUD | Date: December 6, 2007 |
| and | Time: 3:30 p.m. |
| EXPLOROLOGIST LTD., | Place: Courtroom 6, 17th Floor |
| Defendants. | |

Plaintiff John Doe a/k/a Brian Sapient and Defendants Uri Geller a/k/a/ Uri Geller Freud and Explorologist Ltd. respectfully submit the following joint case management statement.

**1.    Jurisdiction and Related Issues**

Plaintiff contends that this Court has subject matter jurisdiction over this lawsuit pursuant to the Copyright Act (17 U.S.C. §§ 101 et seq.), 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act (28 U.S.C. § 2291).  Plaintiff alleges that Defendants have sufficient contacts with this district generally and, in particular, with the events at issue in this case, to be subject to the exercise of personal jurisdiction by this Court. Moreover, Plaintiff has properly served both Defendants via substitute service pursuant to California Code of Civil Procedure § 415.20(b), thereby invoking an additional basis for personal jurisdiction. Plaintiff also contends that venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (d).

Defendants dispute that they were or could be served via substitute service pursuant to California Code of Civil Procedure § 415.20(b). They also dispute that this Court has subject matter jurisdiction over Plaintiff's claims or personal jurisdiction over the Defendants.  They also

dispute that this Court is the proper venue for this case.

The parties do not dispute that both Defendants waived service on July 30, 2007 in accordance with Fed. Rule Civ. P. 4(d). (See Docket # 7).

**2.   Facts**

Plaintiff Brian Sapient is a member of the Rational Response Squad ("RRS"), a group of activists that challenges what it considers irrational claims, including claims about psychic powers. Through its Internet websites and electronic mailing lists, the RRS comments on issues such as the ongoing debate between evolution and creationism. It has also spoken out against beliefs in magic, mysticism, and psychic abilities, arguing that rationality and logic explain these phenomena. In the course of these communications, Sapient and other members of the RRS have been critical of Defendant Uri Geller, a world-renowned performer who became famous in the 1970s for asserting that he has paranormal abilities.

On November 15, 2006, Sapient uploaded a segment of video from the 1993 PBS program "NOVA: Secrets of the Psychics" onto the video-sharing website YouTube as "James Randi exposes Uri Geller and Peter Popoff."  During the fourteen-minute video clip, skeptic and magician James Randi examines Geller's performances and proposes an alternative explanation for Geller's claimed paranormal abilities. Plaintiff alleges that on March 23, 2007, an agent of Defendants Explorologist and Geller demanded that YouTube take down the NOVA segment pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, claiming that eight seconds of the NOVA video infringed copyrighted material they owned. Plaintiff further alleges that Defendants' DMCA copyright infringement notice damaged Sapient, forced the removal of the NOVA video and suspension of his account, and lead to all of his YouTube video postings remaining unavailable for more than two weeks. On May 8, 2007, Sapient filed this action against Explorologist and Geller, alleging that their actions violated the anti-DMCA abuse provisions of 17 U.S.C. § 512(f)

and seeking a declaratory judgment that Sapient's actions were non-infringing under United States copyright law.

On March 23, 2007 Explorologist corporate employee Shimshon Shtrang (Shipi) sent an e-mail to YouTube asserting that a portion of a NOVA special Sapient posted on YouTube contained his intellectual property. He also faxed a three-month old affidavit that he found in the office. Uri Geller did not authorize, direct, request or even know about Shipi's communication with YouTube. The text of Shipi's March 23, 2007 statement to YouTube is as follows:

> …These clip http://www.youtube.com/watch?v=M9w7jHYriFo and http://www.youtube.com/watch?v=jBQD2uunYYY was removed by you previously and was put on right back. In it there are several scenes and photos that the copyright belong to us. There is an English Dr. who introduces Uri which is a copyright infringement and some scenes from a documentary we did and the usage of the Carson clip is without our consent…
> Thanks for your help.
> Regards,
> Shipi

On October 2, 2007, Geller and Explorologist moved to dismiss or to transfer this litigation to the Eastern District of Pennsylvania, where Explorologist filed its own case against Sapient on May 7, 2007. In that lawsuit, Explorologist alleges that Sapient has infringed its eight-second copyright, commercially disparaged it, and used Uri Geller's likeness commercially without its consent.  On June 11, 2007, Sapient moved to dismiss Explorologist's complaint. On October 29, 2007, the Court granted Sapient's motion as to the commercial disparagement claim but allowed the other claims to proceed.

**3.     Legal Issues**

Plaintiff contends that the Defendants have violated Section 512(f) of the DMCA by knowingly misrepresenting that the use of eight seconds of copyrighted material infringes their rights.  He also contends that such use is non-infringing under U.S. law. As such, this case will raise legal issues concerning copyright ownership, fair use, and liability under § 512(f).

Defendants maintain that what was said in Shipi's March 23, 2007 statement to YouTube was very specific and true in all respects. Defendants also maintain that on this basis alone, there can be no liability because there is no misrepresentation as required by Section 512(f) of the DMCA. Uri Geller also maintains that there is no basis for personal liability on his behalf because Shipi sent the communication without his knowledge or direction. He also maintains that there is no basis on which to pierce the corporate veil.

Defendants note that this case also raises jurisdictional issues, as fully outlined in their motion to dismiss. Defendants maintain that this case is suitable for reference to the Judicial Panel on Multidistrict Litigation.

**4.     Motions**

Defendants have filed a motion to dismiss or to transfer this case to the United States District Court for the Eastern District of Pennsylvania, which is currently pending. On November 15, 2007, Plaintiff filed its opposition to this motion. Defendants filed their reply on November 26, 2007. The Court is scheduled to hear argument on the motion on December 6, 2007. The parties anticipate that if the motion is denied, they will file dispositive motions after discovery is complete.

**5.     Amendment of Pleadings**

Plaintiff does not anticipate amending his pleadings to add or dismiss claims. Defendants do not anticipate amending any of the pleadings they have filed.

**6.     Evidence Preservation**

Counsel have discussed evidence preservation and have explained this obligation to the parties, including the need to preserve emails and other electronically recorded material.

**7.     Disclosures**

The parties will make initial disclosures fourteen days after the Court's ruling on the pending motions.

**8.    Discovery**

To date, no discovery has been taken by any party. The parties do not anticipate proposing any limitations or modifications of the discovery rules.

Plaintiff intends to take discovery from Defendants (*e.g.*, document requests, interrogatories, requests for admission, and depositions), third parties (*e.g.*, documents and depositions from YouTube concerning correspondence with Defendants regarding the removal of Plaintiff's video), and experts (*e.g.*, on the issue of damages).

Defendants intend to take discovery from Plaintiff (*e.g.*, document requests, interrogatories, requests for admission, and depositions), third parties, including, but not limited to, James Randi a/k/a Randall James Zwinge and David Mills (*e.g.*, documents and depositions from YouTube concerning correspondence with Defendants regarding damages, licenses and authority he had to post the clip, profits and contributions made to him and/or the RRS, the membership of the RRS), and experts (*e.g.*, on the issue of damages).

In light of the Court's standing order, the parties have agreed to postpone discovery until Defendants' motion to dismiss is decided. Based on this, the parties propose the following schedule for discovery:

- Initial disclosures will be made no later than fourteen days after the Court's ruling on the pending motions.

- Factual discovery will be completed no later than five months after the Court issues an order on the motion to dismiss.

- Opening expert reports shall be completed no later than seven months after the Court issues an order on the motion to dismiss.

- Rebuttal expert reports shall be completed no later than eight months after the Court issues an order on the motion to dismiss.

- Expert dispositions and the completion of expert discovery shall occur no later than nine months after the Court issues an order on the motion to dismiss.

- Pretrial disclosures shall be made thirty days before the trial date the Court sets.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

On October 4, 2007 the Defendants filed a notice alleging that a related case is pending before the United States District Court for the Eastern District of Pennsylvania, *Explorologist Ltd. v. Sapient*, No. 2:07-cv-01848-LP (E.D. Pa. filed May 7, 2007). (See Docket # 29). As mentioned *supra*, Defendants have a motion pending before this Court to transfer this case to the Eastern District of Pennsylvania. Plaintiff does not believe the cases are related, as a case in another district does not meet the definition of "Related Case" under Local Rule 3-12.

### 11. Relief

Plaintiff seeks injunctive relief and monetary damages for the violation of 17 U.S.C. § 512(f) and a declaration of non-infringement. Calculation of damages is ongoing pending expert assessment, but will be based, in part, upon the loss of Internet traffic to Plaintiff's YouTube video and web site and other RRS-related efforts, costs of responding to the DMCA notice, and damage to Plaintiff's free speech rights.

### 12. Settlement and ADR

The parties have engaged in settlement negotiations, but agree that the prospects for settling the case are low at this time. This case has been assigned to the ADR Multi-Option Program, and the parties have conferred and agreed to undergo an early neutral evaluation in conformance with ADR Local Rule 3-5. The parties have stipulated to a postponement of all ADR procedures until the Court rules on Defendants' motion to dismiss.

### 13. Consent to Magistrate for All Purposes

The parties have declined to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master. Plaintiff also does not believe that this case is appropriate for reference to the Judicial Panel on Multidistrict Litigation. However, Defendants maintain that this case is suitable for reference to the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties do not anticipate that the issues in this case can be narrowed by agreement nor that the presentation of evidence at trial can be expedited, but intend to revisit this issue once discovery is complete. The parties do anticipate that several issues, if not the entire case, will be resolved on summary judgment. No party requests bifurcation of any issues, claims, or defenses.

**16. Expedited Schedule**

The parties do not believe that this case could be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

The parties propose the following scheduling dates:

- Designation of experts shall occur by the close of the period for fact discovery.
- Discovery cutoff shall be no later than nine months after the Court issues an order on Defendants' motion to dismiss.
- The parties intend to file any dispositive motions within one month of the discovery cutoff.
- The parties request the Court schedule a pretrial conference no later than thirty days before the trial date set by the Court.
- The parties request the Court schedule a trial date no later than March 1, 2009.

**18. Trial**

The parties anticipate that this case may be decided at least in part by a jury, and anticipate that trial with take three-four days.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Each party has filed a Certification of Interested Entities or Persons as required by Local Rule 3-16. Both certifications state that, aside from the named parties, there is no interest to report.

**20.   Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

Defendants maintain that the case should be transferred and consolidated with the case pending before the United States District Court for the Eastern District of Pennsylvania, *Explorologist Ltd. v. Sapient*, No. 2:07-cv-01848-LP (E.D. Pa. filed May 7, 2007).

DATED: November 29, 2007

/s/
Richard Winelander, Esq. (*pro hac vice*)
1005 North Calvert Street
Baltimore, MD  21202
rw@rightverdict.com
Telephone: 410.576.7980
Facsimile: 443.378.7503

/s/
Jeffrey M. Vucinich, Esq. (SBN 67906)
jvucinich@clappmoroney.com
Clapp, Moroney, Bellagamba & Vucinich
1111 Bayhill Drive, Suite 300
San Bruno, A 94066
Telephone: 650.989.5400
Facsimile: 650.989.5499

Attorneys for Defendants
Uri Geller and Explorologist, Ltd.

/s/
Kurt Opsahl, Esq. (SBN 191303)
Corynne McSherry, Esq. (SBN 221504)
Marcia Hofmann, Esq. (SBN 250087)
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA  94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
JOHN DOE A/K/A BRIAN SAPIENT